CAUSE NO. 7:22-cv-00096

| | | |
|---|---|---|
| **NOBLE TRUCKING, LLC** | § | **IN THE U.S. DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| | § | |
| **vs.** | § | **WESTERN DISTRICT OF TEXAS** |
| | § | |
| **TRICORE SALES, INC.** | § | **MIDLAND DIVISION** |
| *Defendant* | § | |
| | § | |
| | § | **MIDLAND COUNTY, TEXAS** |

<u>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)-(b)**</u>

COMES NOW, Tricore Sales, Inc. (hereinafter "Tricore"), and files this Notice of Removal of Action Under 28 U.S.C. § 1441(a)-(b). And, as grounds therefore, Defendants would respectfully show this Court as follows:

**I.**

<u>**STATEMENT ON FACTS & PROCEDURAL HISTORY**</u>

Plaintiff sued Defendant in the State of Colorado, on or about July 30, 2021.[1] In its Original Complaint the Plaintiff did not specify the amount of its alleged monetary damages.[2]  Undersigned counsel for Defendant is only licensed to practice law within the State of Texas.  Thus, over the next following few weeks counsel for Defendant attempted to secure local counsel, licensed in Colorado, to answer Plaintiff's complaint in the District Court, Larimer County, Colorado. However, counsel for Defendant was unsuccessful in these efforts.  As a result, and because Colorado State Courts require an affidavit of local counsel as a prerequisite to practicing on a *pro hac vice* basis, it was impossible for Defendant to properly appear and defend its case against Plaintiff. Thereafter, Plaintiff received a default judgment against Defendant in the aforementioned

---

[1] *See* Def's attached Exhibit 1.
[2] *Id.*

Colorado State Court.[3]  And, on or about March 23, 2022, Plaintiff secured local counsel in Midland, TX, for the purpose of domesticating the foregoing default judgment in the State of Texas.[4]  As such, Plaintiff's local counsel in Texas filed Plaintiff's Original Petition for Enforcement of Foreign Judgment on or about March 22, 2022, and such Petition specifically states the amount of monetary damages being sought by Plaintiff.

## II.     POINTS & AUTHORITIES

First, this Honorable Court has original jurisdiction over this case under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441, in that Plaintiff is a resident of the State of Colorado, and Defendant is a resident of the State of Texas, and thus there exists complete diversity amongst the parties hereto, and the amount in controversy exceeds the statutory limitation required by the foregoing authorities. Additionally, Plaintiff violated its own State's rules of civil procedure with regard to venue, to wit, COLO. R. CIV. P. 98, *et seq.*  Proper venue under both Federal and State rules require that Plaintiff bring suit in either the State District Court for the County of Midland, TX, or in the U.S. District Court for the Western District of Texas—Midland Division, Midland County, TX.  All actions, including but not limited to the execution of the contract(s) at bar, the sale of goods made the basis of this suit, and Defendant's residence, are all located within Midland County, TX.  This case has likewise been filed within the 1-year time limitation prescribed by the foregoing federal venue statutes.

---

[3] *See* Def's attached Exhibit 2.
[4] *See* Def's attached Exhibit 3.

### III.    PRAYER

THEREFORE, based upon the foregoing, Defendant hereby prays that this case be removed to the U.S. District Court for the Western District of Texas—Midland Division, located in Midland County, TX, for further proceedings.

Respectfully submitted,

CRAIG, TERRILL, HALE & GRANTHAM, LLP
9816 Slide Road, Suite 201
Lubbock, Texas 79424
(806) 744-3232 - Tel
(806) 744-2211 - Fax

/s/ B. Blaze Taylor
B. Blaze Taylor
SBN: 24106495
Email: btaylor@cthglawfirm.com

**ATTORNEY FOR DEFENDANT**

### <u>CERTIFICATE OF SERVICE</u>

THIS WILL CERTIFY that a true and correct copy of the above and foregoing has been electronically served on all counsel of record on this the 21st day of April, 2022 by filing through the E-File and ECF/Pacer electronic filing systems.

*/s/ B. Blaze Taylor*
B. Blaze Taylor
*Of the Firm*

DEF'S EXHIBIT 1

| | |
|---|---|
| DISTRICT COURT, LARIMER COUNTY, COLORADO<br>201 La Porte Ave.<br>Suite 100<br>Fort Collins, CO 80521<br>(970) 494-3500<br><br>_____<br><br>NOBLE TRUCKING, LLC, a Colorado limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TRICORE SALES, INC., a Texas corporation<br><br>Defendant. | DATE FILED: July 30, 2021 5:09 PM<br>FILING ID: 2CEA547887ACE<br>CASE NUMBER: 2021CV30541<br><br><br><br><br><br><br><br><br><br>▲   *COURT USE ONLY*   ▲ |
| Attorney for Plaintiff:<br>Russell J. Sprague, Atty. Reg. #40558<br>CLINE WILLIAMS WRIGHT JOHNSON &<br>OLDFATHER, L.L.P.<br>215 Mathews Street, Suite 300<br>Fort Collins, CO 80524<br>Phone:      (970) 221-2637<br>Fax:         (970) 221-2638<br>Email:      rsprague@clinewilliams.com | Case Number:<br><br><br><br>Division:     Courtroom: |
| **COMPLAINT** | |

COMES NOW, Plaintiff Noble Trucking, LLC, a Colorado limited liability company, and in support of its claims against Defendant TriCore Sales, Inc., a Texas corporation, hereby states and alleges as follows:

### PARTIES

1.      Plaintiff Noble Trucking, LLC is a Colorado limited liability company with its principal place of business at 135 S. Howes St., Suite 800, Fort Collins, CO 80528 ("Noble").

2.      Defendant TriCore Sales, Inc. is a Texas corporation, with its principal address at 3108 S. Hwy. 349, Midland, TX 79706 ("TriCore").

## VENUE

3.     The Court has jurisdiction over Plaintiff's claims and Defendant pursuant to Colo. Const., Art. VI §1 and § 9 as a court of general jurisdiction in a civil matter.

4.      Venue in this Court is proper under C.R.C.P. 98(c) because the contract and transactions that are the subject of this action were performed in Larimer County, Colorado.

## FACTS

5.     Noble operates a trucking and transportation business in North Dakota, Wyoming, and Colorado.

6.     Upon information and belief, TriCore operates a trailer sales and service business that transacts business in multiple states, including Colorado.

7.     From January 2019 to March 2019, Noble purchased 20 new 165 BBL Ace vacuum trailers (the "Trailers").

8.     The Trailers were purchased in three batches of 10 Trailers each, and TriCore issued an Invoice for each purchase that included the terms for each purchase (collectively, the "Invoices"). A copy of the Invoices are attached hereto as Exhibit A.

9.     The Invoices state that the Trailers, as new equipment, would be "covered by the manufacturer's warranty."

10.     Item 5. in each of the Invoices also states as follows: "Warranty (12 months): Service provided by TRICORE at trailer location" (the "Warranty"), which was a specifically negotiated term of the purchases in January 2019.

11.     Upon purchase of each of the Trailers, TriCore provided no additional documentation regarding the purchase of the Trailers and related warranty.

12.     At the time of the purchase, Noble disclosed to TriCore that the trailers would be used in Noble's business operations in North Dakota, Wyoming, and Colorado.

13.     In May 2019, certain Trailers began having issues with internal liner failure (individually, a "Defect" and collectively, the "Defects").

14.     A Defect was identified in 11 Trailers within 12 months of purchase.

15.     Promptly after identification and within the 12 months after purchase of the Trailers, Noble notified TriCore of the Defects and demanded the Defects be remedied under the Warranty.

16.     After Noble notified TriCore of the Defects, representatives of Noble and TriCore engaged in communications regarding Warranty service on the Trailers with Defects, which are located in Williston, North Dakota.

17.     TriCore admitted in multiple communications that the Defects were covered under the Warranty and Warranty service would be provided at the location of the Trailers at no cost to Noble.

18.     As recently as April 15, 2021, TriCore representative Jacob Friesen e-mailed Noble the following: "Yes, as I said yesterday. We'll fix all the liner issues at no charge."

19.     After agreeing to provide the Warranty service for the Defects at no charge to Noble, TriCore demanded in June 2021 that the Warranty service be performed at TriCore's facility in Midland, Texas, with Noble to coordinate and pay all of the costs of transporting the Trailers back-and-forth between Williston, North Dakota and Midland, Texas.

20.     Noble objected to being required to pay the cost of transport for Warranty service, as the Warranty requires TriCore to provide Warranty service at the Trailers' location and TriCore admitted that it would provide the Warranty service for the Defects at no charge to Noble.

21.     As of the date of this Complaint, TriCore has not provided the Warranty service for the Defects and continues to demand Noble coordinate and pay the cost to transport the Trailers with Defects between Williston, North Dakota and Midland, Texas for Warranty service.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment)

22.     Noble incorporates all prior paragraphs as if fully stated herein.

23.     Pursuant to C.R.C.P. 57 and the Colorado Declaratory Judgments Law, C.R.S. §§ 13-51-101 through 13-51-115, the Court has the power to declare

rights, status, and other legal relations, whether further relief is or could be claimed.

24.     Pursuant to the Invoices and subsequent communication, TriCore agreed to provide Warranty Service for the Trailers at the location of the Trailers and without cost to Noble.

25.     Noble is entitled to a declaration that TriCore must provide Warranty service at the location of the Trailers at no cost to Noble.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

26.     Noble incorporates all prior paragraphs as if fully stated herein.

27.     Noble and TriCore had a valid and binding contract for the Warranty service to be performed on the Trailers with Defects at the Trailers' location and at no cost to Noble.

28.     Noble substantially performed its duties under the contract with TriCore by payment of the purchase price for the Trailers.

29.     TriCore failed to perform under, and breached, the contract with Noble by failing to perform Warranty Service on Trailers with Defects at the location of the Trailers and at no cost to Noble as agreed under the contract.

30.     As a direct and proximate result of TriCore's failure to meet its obligations under its contract with Noble, Noble has been deprived of services owed it and damages to the Trailers with Defects.

31.     Noble is entitled to recover damages incurred for TriCore's breach of contract, along with statutory pre-judgment and post-judgment interest, and costs of this action.

## THIRD CAUSE OF ACTION
### (Promissory Estoppel)

32.     Noble incorporates all prior paragraphs as if fully stated herein.

33.     TriCore promised to provide Warranty services on the Trailers at the Trailers' location and at no cost to Noble.

34.     TriCore was aware that such promises would induce Noble to purchase the Trailers.

35.     Noble reasonably relied on TriCore's promise to provide such Warranty service.

36.     These circumstances make it unfair and unjust not to enforce TriCore's promise to provide such Warranty Service to Noble.

37.     Noble is entitled to enforce the promise made by TriCore by requiring TriCore to provide Warranty service on the Trailers with Defects at the Trailers' location and at no cost to Noble, as induced by TriCore and reasonably relied upon by Noble, along with statutory pre-judgment and post-judgment interest, and costs of this action.

## FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

38.     Noble incorporates all prior paragraphs as if fully stated herein.

39.     TriCore received a benefit from Noble of the purchase of the Trailers subject to the Warranty.

40.     The benefit received by TriCore was provided at Noble's expense and on the agreement that Warranty service would be provided at the Trailers' location and at no cost to Noble.

41.     TriCore has been unjustly enriched by the benefit received from Noble, and it would be unjust for EDOG to retain the benefit received without commensurate compensation to Noble.

42.     Noble is entitled to commensurate compensation for the benefit received by TriCore for Noble's purchase of the Trailers without being provided the Warranty service agreed to by TriCore, along with statutory pre-judgment and post-judgment interest, and costs of this action.

## PRAYER FOR RELIEF

Noble respectfully requests that the Court enter judgment in favor of Noble as follows:

a. Declaring TriCore responsible to provide Warranty service to the Trailers with Defects at the Trailers' location and at no cost to Noble;

b. Ordering TriCore to provide Warranty service to the Trailers with Defects at the Trailers' location and at no cost to Noble;

c. Awarding Noble damages in an amount to be determined at trial;

d. Awarding Noble statutory pre-judgment and post-judgment interest;

e. Awarding Noble costs of this action and reasonable attorney fees; and

f. Entering such further relief as the Court deems appropriate or proper.

Respectfully submitted this 30th day of July, 2021.

/s/ Russell J. Sprague
Russell J. Sprague – Atty. Reg. 40558
CLINE WILLIAMS WRIGHT JOHNSON &
OLDFATHER, L.L.P.
*Attorney for Plaintiff Noble Trucking, LLC*

Plaintiff's Address:
125 S. Howes St., Suite 800
Fort Collins, CO 80524

*Attorney's original signature on file at the Fort Collins office of Cline Williams Wright Johnson & Oldfather, L.L.P. pursuant to C.R.C.P. 121 § 1-26*

4850-6610-7631, v. 3

| District Court, Larimer County, Colorado<br>201 La Porte Ave., Suite 100<br>Ft. Collins, CO 80521 | DATE FILED: November 16, 2021<br>CASE NUMBER: 2021CV30541 |
|---|---|
| **Plaintiff:**    NOBLE TRUCKING, LLC | Δ COURT USE ONLY Δ |
| v. | Case No. 2021CV30541 |
| **Defendants**: TRICORE SALES, INC. | Division: 3B |
| **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** | |

Plaintiff Noble Trucking, LLC ("Noble") filed a Motion for Default Judgment ("Mot.")
against defendant Tricore Sales, Inc. ("Tricore"). The Court, having considered the motion,
affidavits, and exhibits, makes the following findings of fact and conclusions of law:

1.    Noble is a limited-liability company with its principal place of business at Fort Collins,
      Colorado. Compl. ¶ 1.

2.    Tricore is a corporation with its principal place of business at Midland, Texas. *Id.* ¶ 2.

3.    Jurisdiction and venue are proper under Colo. Rev. Stat. § 13-1-124(1)(a) and Colo. R. Civ.
      P. 98(c)(2), respectively, as the dispute arises from acts that occurred in Colorado, *see* Compl.
      at 1–2; *id.* Ex. A.

4.    Tricore agreed to ship twenty vacuum trailers to Noble, in Colorado. Compl. ¶ 8; Ex. A.

5.    Tircore stated that the trailers were covered under its warranty. Compl. ¶ 10; Ex. A at 1, 6.

6.    Roughly two months later, eleven of the trailers began to malfunction, specifically from
      internal-liner failure. Compl. ¶¶ 13, 14.

7.    Shortly after, Noble requested that Tricore fix the defects as the warranty provided. *Id.* ¶ 15.

8.    Tricore agreed to fix the defects, *id.* ¶¶ 17, 18, but wanted to do so at its facility, *id.* ¶ 19.

9.      The parties couldn't agree on where to repair the trailers, and so on July 30, 2021, Noble
        filed a complaint with the Court, seeking damages, interest, costs, fees, and to have Tricore
        repair the trailers. *See* Compl. at 6.

10.     On August 3, 2021, Noble personally served Tricore. *See* Waiver and Acceptance of Serv. of
        Compl.

11.     Under Colo. R. Civ. P. 12(a)(2), Tricore had to file a response by September 7, 2021.

12.     Tricore has failed to appear or respond to United's complaint as required under Rule
        12(a)(2). Mot. ¶ 5.

13.     On September 10, 2021, the Court ordered Noble to either seek entry of default judgment or
        file a status report explaining why it hadn't. *See* Order for Mot. for Default J. or Status
        Report.

14.     The following week, Noble filed a status report stating that Tricore contacted Noble to
        discuss filing an extension of time to respond to the complaint. Status Report ¶¶ 4, 5.

15.     On October 14, 2021, Tricore failed to request an extension and Noble failed to seek entry
        of default, so the Court ordered the Noble to either seek default or show cause as to why the
        case shouldn't be dismissed. *See* Order to Show Cause.

16.     That spurred Noble into action, and it filed a motion for default judgment later that day. *See*
        Mot.

17.     The Clerk of Court entered default on October 15, 2021. *See* Clerk's Entry of Default; Colo.
        R. Civ. P. 55(a).

18.     Default of a party who fails to answer within the required time establishes the defaulting
        party's liability and admits the allegations in the complaint. *See Dickinson v. Lincoln Bldg. Corp.*,
        378 P.3d 797, 805 (Colo. App. 2015); *Orebaugh v. Doskocil*, 359 P.2d 671, 673 (Colo. 1961).

2

19. Because Tricore has failed to appear, respond, or repair the trailers, it breached the warranty agreement. *See* Compl. at 6; Ex. A; *Dickinson*, 378 P.3d at 805.

20. There's no just reason for Tricore's delay. *See* Colo. R. Civ. P. 54(b).

21. Tricore isn't an infant, incompetent person, officer or agent of the State of Colorado, or in the military service. Mot. Ex. A Aff. of Russel J. Sprague ¶ 6.

22. Tricore owes Noble the following amounts:

$97,214.17    Damages. Mot. Ex. B Aff. of Jeffrey Jensen ¶ 10.

$18,579.89    Prejudgment interest. Mot. ¶ 13.

$283.00    Costs. Aff. of Jeffrey Jensen Ex. 1 at 1.

$116,077.06    Total. Mot. at 4.

Accordingly, Noble's motion for default judgment is granted. The Court orders that default judgment is entered in favor of Noble and against Tricore for the total amount owed: $116,077.06. The judgment is to be paid immediately and will accrue postjudgment interest at the statutory rate of 8 percent pursuant to Colo. Rev. Stat. § 5-12-102(1)(b).

**SO ORDERED** on November 16, 2021.

BY THE COURT:

JUAN G. VILLASEÑOR
District Court Judge

3



COTTON
BLEDSOE
TIGHE &
DAWSON, PC
*Attorneys at Law*

Post Office Box 2776
Midland, Texas 79702-2776
500 West Illinois, Suite 300
Midland, Texas 79701
(432) 684-5782
(432) 682-3672 Fax
www.cottonbledsoe.com

---

**Trevor O. Chilton** • *ATTORNEY* • 432.687.8689 • 432.684.3175 DIRECT FAX • tchilton@cbtd.com

March 23, 2022

**VIA CMRRR: *7019 0160 0000 8684 9683***
United States Corporation Agents, Inc.
9900 Spectrum Drive
Austin, Texas 7817

   Re:  Cause No. CC24144: *Noble Trucking, LLC v. Tricore Sales, Inc.*; In the County
       Court at Law of Midland County, Texas

To Whom It May Concern:

   Enclosed please find a Petition for the Enforcement of Foreign Judgment, Notice of Filing
of Foreign Judgment, and Order of Judgment in the above-referenced matter.

   Should you have any questions or concerns, please feel free to contact me.

         Sincerely,

        COTTON, BLEDSOE, TIGHE & DAWSON, P.C.

         */s/ Trevor O. Chilton*

         Trevor O. Chilton

TOC/rr
Enclosures

Midland County  - District Clerk - County Court at Law Court

Filed 3/22/2022 10:27 AM
Alex Archuleta
District Clerk
Midland County, Texas
/s/ Roxanna Galindo

CAUSE NO. CC24144

| | | |
|---|---|---|
| NOBLE TRUCKING, LLC,<br>Plaintiff, | §<br>§<br>§ | ~~IN THE DISTRICT COURT~~ |
| v. | §<br>§ | _____ ~~JUDICIAL DISTRICT~~ |
| TRICORE SALES, INC.,<br>Defendant. | §<br>§<br>§<br>§ | MIDLAND COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION FOR
## ENFORCEMENT OF FOREIGN JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, NOBLE TRUCKING, LLC (**"Noble" or "Plaintiff"**) and files this, its Original Petition for Enforcement of Foreign Judgment against TRICORE SALES, INC. (**"Tricore" or "Defendant"**), and as grounds therefore would respectfully show the Court as follows:

### I.
### DISCOVERY LEVEL

1.01    Plaintiff intends to conduct discovery in this case under Level 1.

### II.
### PARTIES

2.01    Noble is a Colorado limited liability company with a principal place of business in Fort Collins, Colorado. Noble is registered with the Department of Transportation to operate throughout the United States.

2.02    Tricore is a Texas corporation who may be served by and through its Registered Agent, United States Corporation Agents, Inc., at 9900 Spectrum Drive, Austin, TX 78717, or wherever it may be found.

## III.
## JURISDICTION AND VENUE

3.01    This Court has subject matter jurisdiction pursuant to Tex. Civ. Prac. & Rem. Code § 35.003.

3.02    Venue is this matter is proper in Midland County, Texas because Tricore maintains its principle place of business in Midland County.

## IV.
## FACTUAL BACKGROUND AND CAUSE OF ACTION

4.01    On November 16, 2021, in the case styled *Noble Trucking, LLC v. Tricore Sales, Inc.*, the District Court of Larimer County, Colorado entered an order granting motion for default judgment in favor of Plaintiff and against Defendant, in the amount of $116,077.06, plus post-judgment interest at the rate of 8% until paid (**"the Colorado Judgment"**). A true and correct copy of the Colorado Judgment is attached hereto as Exhibit "A."

4.02    Plaintiff seeks to domesticate the Colorado Judgment pursuant to the Uniform Enforcement of Foreign Judgment Act codified by Tex. Civ. Prac. & Rem. Code Chapter 35.

4.03    The Colorado Judgment is final and appealable in all respects. Plaintiff intends to collect on the Colorado Judgment accordingly. An affidavit showing the last known addresses of Plaintiff and Defendant signed by Jeffrey P. Jensen, is attached hereto as Exhibit "B."

### PRAYER

WHEREFORE, Plaintiff, Noble Trucking, LLC, respectfully prays that the Court domesticate the Colorado Judgment pursuant to the Uniform Enforcement of Foreign Judgments Act; award Plaintiff such relief as it was granted therein against Defendant, Tricore Sales, Inc.; and for any such other and further relief, at law or in equity, to which Noble may show itself justly entitled.

Respectfully submitted,

COTTON, BLEDSOE, TIGHE & DAWSON, P.C.
P. O. Box 2776
Midland, Texas 79702
(432) 684-5782
(432) 682-3672 Fax

By: /s/ *Trevor O. Chilton*
**Sarah A. Judge**
State Bar No. 24080968
sjudge@cbtd.com
**Trevor O. Chilton**
State Bar No. 24125171
tchilton@cbtd.com

**ATTORNEYS FOR PLAINTIFF, NOBLE
TRUCKING, LLC**

# EXHIBIT "A"

DISTRICT COURT, LARIMER COUNTY, COLORADO
Court Address:
Larimer County Courthouse
201 Laporte Avenue Suite 100
Fort Collins, CO 80521-0000

DATE FILED: March 11, 2022 8:51 AM
CASE NUMBER: 2021CV30541

Case Number: 21CV-030541
Div.: 3B

---

Plaintiff: NOBLE TRUCKING LLC,

Defendant: TRICORE SALES INC,

---

### TRANSCRIPT OF JUDGMENT

---

Original Judgment Amount:        $116,077.06   Judgment Date: November 16, 2021
Revived Judgment Amount:              $.00   Judgment Date:
Judgment Status:    UNSATISFIED

Additional Remarks:
8% INTEREST

Debtor(s):   TRICORE SALES INC, 3108 S Hwy 349, Midland, TX 79706

Creditor(s): NOBLE TRUCKING LLC, 135 S Howes Street, Suite 800,
             Fort Collins, CO 80528

Balance of Judgment to Date:          $116,077.06

I hereby certify that the above is a true and complete transcript of  the
judgment in the above-referenced case which is retained in my office.

Kathleen Madden
Clerk of Court
DISTRICT COURT, LARIMER COUNTY

DATE: March 11, 2022          BY
                                  Deputy Clerk

| District Court, Larimer County, Colorado<br>201 La Porte Ave., Suite 100<br>Ft. Collins, CO 80521 | DATE FILED: November 16, 2021<br>CASE NUMBER: 2021CV30541 |
|---|---|
| **Plaintiff:**    NOBLE TRUCKING, LLC | Δ COURT USE ONLY Δ |
| v. | Case No. 2021CV30541 |
| **Defendants**: TRICORE SALES, INC. | Division: 3B |

| **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |
|---|

Plaintiff Noble Trucking, LLC ("Noble") filed a Motion for Default Judgment ("Mot.") against defendant Tricore Sales, Inc. ("Tricore"). The Court, having considered the motion, affidavits, and exhibits, makes the following findings of fact and conclusions of law:

1.      Noble is a limited-liability company with its principal place of business at Fort Collins, Colorado. Compl. ¶ 1.

2.      Tricore is a corporation with its principal place of business at Midland, Texas. *Id.* ¶ 2.

3.      Jurisdiction and venue are proper under Colo. Rev. Stat. § 13-1-124(1)(a) and Colo. R. Civ. P. 98(c)(2), respectively, as the dispute arises from acts that occurred in Colorado, *see* Compl. at 1–2; *id.* Ex. A.

4.      Tricore agreed to ship twenty vacuum trailers to Noble, in Colorado. Compl. ¶ 8; Ex. A.

5.      Tircore stated that the trailers were covered under its warranty. Compl. ¶ 10; Ex. A at 1, 6.

6.      Roughly two months later, eleven of the trailers began to malfunction, specifically from internal-liner failure. Compl. ¶¶ 13, 14.

7.      Shortly after, Noble requested that Tricore fix the defects as the warranty provided. *Id.* ¶ 15.

8.      Tricore agreed to fix the defects, *id.* ¶¶ 17, 18, but wanted to do so at its facility, *id.* ¶ 19.

9.   The parties couldn't agree on where to repair the trailers, and so on July 30, 2021, Noble filed a complaint with the Court, seeking damages, interest, costs, fees, and to have Tricore repair the trailers. *See* Compl. at 6.

10.  On August 3, 2021, Noble personally served Tricore. *See* Waiver and Acceptance of Serv. of Compl.

11.  Under Colo. R. Civ. P. 12(a)(2), Tricore had to file a response by September 7, 2021.

12.  Tricore has failed to appear or respond to United's complaint as required under Rule 12(a)(2). Mot. ¶ 5.

13.  On September 10, 2021, the Court ordered Noble to either seek entry of default judgment or file a status report explaining why it hadn't. *See* Order for Mot. for Default J. or Status Report.

14.  The following week, Noble filed a status report stating that Tricore contacted Noble to discuss filing an extension of time to respond to the complaint. Status Report ¶¶ 4, 5.

15.  On October 14, 2021, Tricore failed to request an extension and Noble failed to seek entry of default, so the Court ordered the Noble to either seek default or show cause as to why the case shouldn't be dismissed. *See* Order to Show Cause.

16.  That spurred Noble into action, and it filed a motion for default judgment later that day. *See* Mot.

17.  The Clerk of Court entered default on October 15, 2021. *See* Clerk's Entry of Default; Colo. R. Civ. P. 55(a).

18.  Default of a party who fails to answer within the required time establishes the defaulting party's liability and admits the allegations in the complaint. *See Dickinson v. Lincoln Bldg. Corp.*, 378 P.3d 797, 805 (Colo. App. 2015); *Orebaugh v. Doskocil*, 359 P.2d 671, 673 (Colo. 1961).

19. Because Tricore has failed to appear, respond, or repair the trailers, it breached the warranty agreement. *See* Compl. at 6; Ex. A; *Dickinson*, 378 P.3d at 805.

20. There's no just reason for Tricore's delay. *See* Colo. R. Civ. P. 54(b).

21. Tricore isn't an infant, incompetent person, officer or agent of the State of Colorado, or in the military service. Mot. Ex. A Aff. of Russel J. Sprague ¶ 6.

22. Tricore owes Noble the following amounts:

    $97,214.17    Damages. Mot. Ex. B Aff. of Jeffrey Jensen ¶ 10.

    $18,579.89    Prejudgment interest. Mot. ¶ 13.

    $283.00    Costs. Aff. of Jeffrey Jensen Ex. 1 at 1.

    $116,077.06    Total. Mot. at 4.

Accordingly, Noble's motion for default judgment is granted. The Court orders that default judgment is entered in favor of Noble and against Tricore for the total amount owed: $116,077.06. The judgment is to be paid immediately and will accrue postjudgment interest at the statutory rate of 8 percent pursuant to Colo. Rev. Stat. § 5-12-102(1)(b).

**SO ORDERED** on November 16, 2021.

BY THE COURT:

JUAN G. VILLASEÑOR
District Court Judge

3

# EXHIBIT "B"

## AFFIDAVIT OF JEFFREY P. JENSEN

COUNTY OF WILLIAMS          §
                            §
STATE OF NORTH DAKOTA       §

BEFORE ME, the undersigned authority, on this day personally appeared Jeffrey P. Jensen, known to me to be the person whose name and signature appear below, and after first being duly sworn by me, stated upon his oath, the following:

"My name is Jeffrey P. Jensen. I am over 18 years of age, of sound mind, I have never been convicted of a felony offense, and am otherwise capable of making this affidavit. The statements in this affidavit are based on my personal knowledge, and they are true and correct.

I am the Chief Business Officer of Noble Trucking, LLC (**"Noble"**), and am authorized to make this affidavit on its behalf. On November 16, 2021, the District Court in Larimer County, Colorado entered default judgment in favor of Noble, the judgment creditor, against Tricore Sales, Inc. (**"Tricore"**), the judgment debtor, in the amount of $116,077.06, plus post-judgment interest at the rate of 8% until paid. An exemplified copy of the Final Judgment will be filed with the clerk of the above captioned court pursuant to Chapter 35 of the Texas Civil Practice and Remedies Code.

I hereby certify that as of March 10, 2022, the last known address of Noble's registered agent, Troy Johnson, is as follows:

14079 Highway 2
Williston ND 58801

I hereby certify that as of March 10, 2022, the last known address of Tricore's registered agent, United States Corporation Agents, Inc., is as follows:

9900 Spectrum Drive
Austin, TX 78717

1
MIDLAND\016808\000001\3005415.1

Affiant sayeth nothing further."

Jeffrey P. Jensen

SUBSCRIBED AND SWORN TO before me on this the ___10___ day of _March_, 2022.

LAURA WARD
Notary Public
State of North Dakota
My Commission Expires January 31, 2023

Notary Public

2
MIDLAND\016808\000001\3005415.1

CC24144

Filed 3/22/2022 4:46 PM
Alex Archuleta
District Clerk
Midland County, Texas
/s/ Roxanna Galindo

CAUSE NO. CC24144

| NOBLE TRUCKING, LLC, Plaintiff, | § § § | IN THE COUNTY COURT |
| v. | § § § | |
| TRICORE SALES, INC., Defendant. | § § § § | AT LAW |
| | § § | MIDLAND COUNTY, TEXAS |

## NOTICE OF FILING OF FOREIGN JUDGMENT

**TO:  Tricore Sales, Inc., by and through its Registered Agent, United States Corporation Agents, Inc., 9900 Spectrum Drive, Austin, TX 78717.**

You are hereby notified that on March 22, 2022, the judgment creditor, Noble Trucking, LLC, (hereinafter called **"Judgment Creditor"**), filed with this Court and under the cause number shown above an authenticated copy of a judgment for domestication under Chapter 35 of the Texas Civil Practice and Remedies Code, the Uniform Enforcement of Foreign Judgments Act. The judgment names Tricore Sales, Inc. (hereinafter, **"Judgment Debtor"**) as the judgment debtor and was rendered by the District Court of Larimer County, Colorado.

The Judgment was rendered on November 16, 2021, in the case styled *Noble Trucking, LLC v. Tricore Sales, Inc.*, filed as Case No. 2021CV30541 in the District Court of Larimer County, Colorado.

The name and last known post office address of Judgment Debtor is:

Tricore Sales, Inc.
3108 S. State Highway 349
Midland, TX 79706-4056

The name and last known post office address of the Judgment Creditor is:

Jeff Jensen
Noble Trucking, LLC

1

MIDLAND\016808\000001\3005390.1

125 Howes St., Suite 800
Fort Collins, CO 80521

The name and address of the judgment creditor's attorneys in Texas are:

**Sarah A. Judge**
State Bar No. 24080968
**Trevor O. Chilton**
State Bar No. 24125171
Cotton, Bledsoe, Tighe & Dawson, P.C.
500 West Illinois, Suite 300
P.O. Box 2776
Midland, Texas 79702

Respectfully submitted,

COTTON, BLEDSOE, TIGHE & DAWSON
A Professional Corporation
P. O. Box 2776
Midland, Texas 79702
(432) 684-5782
(432) 682-3672 (Fax)

By: _/s/ Sarah A. Judge_____
   **Sarah A. Judge**
   State Bar No. 24080968
   sjudge@cbtd.com
   **Trevor O. Chilton**
   State Bar No. 24125171
   tchilton@cbtd.com

**ATTORNEYS FOR JUDGMENT CREDITOR**

2

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2022, a true and correct copy of the above Notice of Filing of Foreign Judgment has this day been sent by certified mail, return receipt requested, and by regular first class mail, to the judgment debtor, and their registered agent, as shown below.

Tricore Sales, Inc.
3108 S. State Highway 349
Midland, TX 79706-4056

United States Corporation Agents, Inc.
9900 Spectrum Drive
Austin, TX 78717

_/s/ Trevor O. Chilton_
Trevor O. Chilton

3

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Rosalinda Ramos on behalf of Trevor Chilton
Bar No. 24125171
rramos@cbtd.com
Envelope ID: 62850463
Status as of 3/23/2022 9:26 AM CST

Associated Case Party:  LLCNOBLE TRUCKING

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Rosie Ramos | | rramos@cbtd.com | 3/22/2022 4:46:02 PM | SENT |



COTTON
BLEDSOE
TIGHE &
DAWSON, PC
*Attorneys at Law*

P.O. Box 2776
Midland, Texas 79702-2776

United States Corporation Agents, Inc.
9900 Spectrum Drive
Austin, Texas 7817







